**James DOTY and Susan Doty, husband and wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 90–491 C.**

United States Court of Federal Claims.

Feb. 4, 1993.

James R. Anderson, Marshall, MN, for plaintiffs.

Scott E. Ray, with whom were Asst. Atty. Gen. Stuart M. Gerson and David M. Cohen, Washington, DC, for defendant. Terrence G. Jackson, Dept. of Agriculture, of counsel.

## ORDER

TURNER, Judge.

### I

This litigation constitutes judicial review of final agency action, *see* 5 U.S.C. § 706; it involves a contract for the termination of milk production entered as part of the Dairy Termination Program, *see* 7 U.S.C. § 1446(d)(3)(A)(i), 7 C.F.R. §§ 1430.450–.470. The opinion and order dated December 4, 1991, *Doty v. United States*, 24

Cl.Ct. 615 (1991), addressed cross-motions for summary judgment. Plaintiff's motion was granted-in-part and denied-in-part, ruling on defendant's cross-motion and portions of plaintiff's motion was withheld pending completion of proceedings on remand, and the matter was remanded to DASCO for further proceedings. *Id.* at 633–34. Familiarity with that opinion and order is presumed.

Plaintiff's dispositive motion was granted to the extent that the decision by DASCO dated May 16, 1990 with respect to plaintiff's Dairy Termination Program appeal, together with any other ASCS committee decision adverse to plaintiff, was vacated. DASCO was afforded the opportunity to conduct further proceedings on remand in compliance with regulations during which plaintiff would have the opportunity to cross-examine witness Lowell Siekmann. Consequently, as of the commencement of the remand period on December 4, 1991, all prior adverse rulings by DASCO or ASCS had been vacated; new proceedings during which Doty would be afforded due process rights previously denied would be required before new findings adverse to him. The remand period was fixed at the maximum six months, *see* RCFC 60.1(a)(2), and quarterly reports by defense counsel were required.

### II

Pursuant to said order dated December 4, 1991, this case was suspended during the remand period. The first quarterly status report by defense counsel was due by March 4, 1992. The final day of the suspension and the deadline for DASCO's new report was June 4, 1992. As of the close of business on June 4, no report of DASCO had been filed and no status report by government counsel had ever been presented.[1] RCFC 60.1(a)(2) provides that a suspension in these circumstances is "not to exceed 6 months."

---

1. Defendant's counsel maintains, and it is apparently uncontested, that the document filed on June 5, 1992, entitled "Defendant's Status Report," to which was attached "Interim DASCO Report on Remand," was deposited in the court's night box on the evening of June 4. Transcript 9/1/92 at 39–41. However, as discussed in text, the hearing required in the remand order as a prerequisite to new findings by DASCO had not been conducted.

On June 5, 1992 there was filed a document entitled "Defendant's Status Report" which ended: "[D]efendant requests the Court to continue the suspension of proceedings in this matter until August 4, 1992." (To the extent that this may have been intended as a motion, it was denied in open court on September 1, 1992. Transcript at 41, 52–53.)

The opinion and order dated December 4, 1991, after vacating all adverse decisions of DASCO and ASCS committees because of due process violations described in the opinion, remanded the matter to DASCO for a period not to exceed six months for further proceedings in accordance with applicable statutes and regulations. 24 Cl.Ct. at 634. The order stated: "In such further proceeding, plaintiff James Doty shall be provided adequate opportunity for cross examination of Lowell Siekmann (followed by the opportunity to submit rebuttal evidence) and, *thereupon,* new findings of fact and appropriate determination(s) based upon such findings shall be made." *Id.* (emphasis added). Findings pertaining to specific subject areas were required. *Id.*

### III

The remand order was not complied with. The June 5, 1992 filing by defendant advised that in the preceding six months, DASCO had "completed a review of the Court's opinion and the administrative record" and had attempted to arrange for June 3 an evidentiary hearing to allow opportunity for cross examination. At the court hearing on September 1, it was established that not until Monday, June 1 was there any attempt by DASCO to arrange the required hearing with Doty's counsel (who did not receive the message until the evening of June 1), and the attempt then was by telephone to arrange a hearing for Wednesday, June 3. Doty's counsel was then involved in a trial and could not participate in a hearing on such unreasonably short notice; no written notice was ever attempted and the hearing was not conducted within the remand period.

(A document entitled "Interim DASCO Report on Remand," filed with defendant's report on June 5, purports to make numerous new findings and conclusions, including some pertaining to the credibility of Doty, based at least in part on prior statements and information obtained from witness Lowell Siekmann. To the extent that purported factual findings and legal conclusions in said "Interim Report" are intended to be new findings and conclusions, even if it be assumed that the report was timely, they are VACATED for all the reasons given in the order of December 4, 1991 for vacating prior decisions of DASCO and ASCS.)

Subsequent to defendant's June 5 report, the court received three items from plaintiff. The first, filed on June 24, was an "Affidavit/Petition" and memorandum in support thereof which contested certain representations made by defendant and objected to any extension of the remand period. The affidavit/petition and supporting memorandum ended with requests that plaintiff's prior motion for summary judgment be granted. We have construed this filing to be a status report in reaction to the one submitted by defendant on June 5, rather than a motion requiring response or ruling.

Plaintiff filed on July 14, 1992 a "Petition" (dated July 3) and a "Motion" (dated July 10), both of which constitute general requests that the court enter a final order disposing of the matter in plaintiff's favor. Both the "Petition" and the "Motion" filed by plaintiff on July 14 were construed as a single motion for disposition and were addressed at a hearing on September 1, 1992. This order further addresses and resolves plaintiff's "single motion" just described together with the still-pending cross-motions for summary judgment.

■ Counsel have advised that DASCO conducted a hearing by telephone on July 21, 1992 in which Doty's counsel participated over strong protest based expressly on unreasonably short notice (combined with his own schedule) and the fact that no lawful hearing could be conducted after the remand period had expired. We concur with the objection of Doty's counsel and hold that any proceedings conducted by DASCO after June 4, 1992 are a nullity.

Transcript 9/1/92 at 52. The jurisdiction of this court to deal with this case initially depended upon the finality of the agency action. *See Franklin v. Massachusetts*, —— U.S. ——, ——, 112 S.Ct. 2767, 2773, 120 L.Ed.2d 636 (1992) (stating that agency action is "final" when agency completes its decision making process and the decision is one which directly affects the parties). *See generally* 5 U.S.C. § 704. DASCO's authority to again address the subject matter of this case was dependent upon the remand and expired at the end of the remand period.

## IV

In summary, as of the end of the remand period on June 4, 1992, all prior decisions of DASCO or ASCS committees adverse to plaintiff had been vacated, the remand during which DASCO was authorized to conduct additional proceedings and make additional findings had expired and no new findings in compliance with the remand order had been made.

■ Under these circumstances, plaintiff asserts entitlement to judgment in his favor regarding both contract proceeds and civil penalties assessed by ASCS. We conclude that plaintiff is entitled to judgment regarding the civil penalties (since all prior adverse agency decisions regarding Doty were vacated and the period for new determinations has expired) but that ASCS must be allowed additional opportunity to make determinations concerning entitlement to contract proceeds (provided that any information or statements obtained from Lowell Siekmann shall be disregarded).

■ Because this is a proceeding for review of final agency action rather than one in which the court may make de novo rulings on entitlement to contract proceeds, *see Doty*, 24 Cl.Ct. at 623–27; *Simons v. United States*, 25 Cl.Ct. 685, 694–95 (1992), and because statutes and regulations pertaining to the subject DTP contract require that appropriate ASCS officials make the determination whether contract payments shall be made or prior payments shall be refunded, a second remand is necessary. However, it is appropriate to require that any evidence of any kind from Lowell Siekmann be disregarded on the second remand because opportunity for cross-examination was not extended during the first remand.

## V

The DTP contract includes the following provision in paragraph 8A of its appendix (R. 127F): "The total amount payable by CCC to a contracting entity under the contract ... shall be paid by CCC *only* if all conditions for payment and requirements of the contract and this Appendix are satisfied." (Emphasis added.) The contract further provides, in paragraph 11A of its appendix (R. 127G): "In the event that there is a failure to comply with *any* term, requirement, or condition for payment arising under the contract, ... all payments made under the contract to any person shall be refunded to CCC with interest and late payment charges as provided for in this paragraph [which incorporates certain provisions of the regulations]." (Emphasis added.)

Title 7 U.S.C. § 1446(d)(3)(A)(iv), which deals with the Dairy Termination Program, provides in part:

> Each contract made under this subparagraph shall provide that ... (I) the producer shall sell for slaughter or for export all the dairy cattle in which such producer owns an interest ... and (III) if the producer fails to comply with such contract, the producer shall repay to the Secretary the entire payment received under the contract, including simple interest payable at a rate prescribed by the Secretary....

Pertinent regulations were specifically incorporated in the Doty contract. At paragraph 15 of its appendix (R. 127H), the contract provides: "The regulations governing the Dairy Termination Program which are found at 7 C.F.R. Part 1430 are incorporated by reference as a part of this agreement."

Among regulations applicable at relevant times, 7 C.F.R. § 1430.459(a) provides:

> Such amount [payable under a DTP contract] shall be paid by CCC *only* if it has

been determined that there has been compliance with *all* of the terms and conditions of the regulations and the contract. If *any* terms, conditions, or requirements of the contract are not met, payments previously made by CCC shall be refunded and no further payments shall be made by CCC.

(Emphasis added.)

Title 7 C.F.R. § 1430.459(g) provides:

On or within 30 days following each of the first five anniversaries of the herd disposal completion date, each participating producer shall certify to the county ASCS office whether there has been compliance with the requirements of the contract. The failure of any participating producer to file such a certification shall render all of the participating producers and any other person ineligible for any payment under the contract including payments previously made. Payments previously made shall be refunded to CCC.

Title 7 C.F.R. § 1430.462(a) provides:

In the event there is a failure to comply with *any* term, requirement, or condition for payment arising under the contract, or this subpart [7 C.F.R. §§ 1430.-450–.470], . . . *all* payments made under the contract to any person shall be refunded to CCC, together with interest and late payment charges. . . .

(Emphasis added.)

Title 7 C.F.R. § 1430.468(g) provides in part: "The burden shall be on participating producers to establish compliance with the requirements of the contract and this subpart [7 C.F.R. §§ 1430.450—.470]."

Finally, concerning the absence of strict literal compliance with the contract and regulations, 7 C.F.R. § 791.2 provides:

In any case in which the failure of a producer to comply fully with the terms and conditions of . . . [the DTP] program . . . precludes the making of . . . payments, [DASCO or his delegate, see 7 C.F.R. § 791.3] . . . may, nevertheless authorize the making of such . . . payments in such amounts as determined to be equitable in relation to the seriousness of the failure. The provisions of this part

shall be applicable only to producers who made a good faith effort to comply fully with the terms and conditions of the program and rendered substantial performance.

■ From the foregoing, it is plain that both the DTP contract and applicable legislation require, as a prerequisite to payment under the contract and resolution of disputes concerning possible refunds of contract payments, either an affirmative finding by the appropriate agency that all contractual and legal requirements have been met or a waiver by the agency of literal compliance based on good faith, substantial performance.

There is evidence in the administrative record, unrelated to testimony from Siekmann, from which ASCS could conclude that contract terms and program regulations were not literally complied with. If ASCS so determines even after disregarding any statements or information from Siekmann, only DASCO (or his delegate) could lawfully excuse the absence of literal compliance. 7 U.S.C. § 1446(d)(3)(A)(iv)(III); 7 C.F.R. §§ 791.2 & .3.

Based on these circumstances, it is determined (1) that to the extent defendant seeks recovery from Doty of $10,000 in civil penalties, the government claims should be denied with prejudice, and (2) that all issues pertaining to Doty's claim to the remainder of contract proceeds and defendant's claim for a refund of amounts already paid to Doty under the contract must again be remanded to DASCO with the proviso that in making further determinations, DASCO and ASCS shall disregard any statements or information obtained from Lowell Siekmann.

## VI

### A. *Designation of Party Plaintiff.*

At the hearing on September 1, 1992, it was established that although the complaint lists both James and Susan Doty as plaintiffs, *see* 24 Cl.Ct. at 616 n. 1, only the interests of James Doty are at stake in this litigation and that his wife, Susan Doty, is

a nominal party only without a direct interest. Transcript 9/1/92 at 22. Therefore, this order refers to a single plaintiff, James Doty, as if he were the only party plaintiff, and any judgment for or against a party plaintiff shall be entered with respect to James Doty only.

### B. *Disposition of Summary Judgment Motions.*

Plaintiff's motion for summary judgment filed on January 7, 1991 is GRANTED to the extent that it challenges civil penalties of $10,000 assessed by ASCS (R. 1–2); to the extent that said motion and plaintiff's motion filed on July 14, 1992 seek judgment for the balance of DTP contract proceeds and a declaration of non-liability for refund of proceeds previously received by Doty, the motions are DENIED without prejudice. (Other portions of plaintiff's summary-judgment motion were denied in the opinion and order dated December 4, 1991.)

To the extent that defendant's cross-motion for summary judgment filed January 29, 1991 seeks judgment for civil penalties of $10,000 assessed by ASCS (R. 1–2), said cross-motion is DENIED WITH PREJUDICE; to the extent that said cross-motion seeks judgment for amounts previously paid to Doty under the contract, it is DENIED without prejudice.

Disposition of claims and defenses pertaining to payments or refunds under the DTP contract (as well as entry of judgment with respect to the foregoing rulings) shall await completion of a second remand discussed below.

### C. *Order for Second Remand.*

Title 28 U.S.C. § 1491(a)(2) provides in part: "In any case within its jurisdiction, the [United States Court of Federal Claims] shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." RCFC 60.1(a) provides in pertinent part:

(1) *Issuance of Remand Order.* At the request of a party or on its own motion, the court may in any case within its jurisdiction by order remand appropriate matters to any administrative or executive body or official with such direction as may be deemed proper and just.

(2) *Content of Remand Order.* An order of remand shall (A) delineate the area of further consideration or action deemed warranted on the remand, and (B) fix the extent to which, and the duration of the period, not to exceed 6 months, during which court proceedings shall be stayed.

■ Based on the foregoing order and in accord with the provisions just quoted, this matter is hereby REMANDED to DASCO for further proceedings consistent with the foregoing order.[2] Any further proceedings shall be conducted in accordance with the DTP statute, 7 U.S.C. § 1446(d), and regulations, 7 C.F.R. §§ 1430.450–.470, and in accord with the ASCS Appeal Regulations, 7 C.F.R. Part 780, and, thereupon, new findings of fact and appropriate determination(s) based upon such findings shall be made, PROVIDED that no evidence of any kind obtained or received from Lowell Siekmann shall be considered or otherwise taken into account in reaching further decisions. (The proviso in the preceding sentence shall not preclude use of statements by Doty in response or reaction to adverse statements of Siekmann.) Specific findings of fact should be made concerning the actual size and composition of Doty's herd that should have been set forth in his DTP bid. It is recommended that consideration be given to the applicability of 7 C.F.R. § 791.2.

The scope of this remand is limited to matters directly related to payments or refunds of contract proceeds; issues pertaining to civil penalties are beyond the scope of this remand.

Not later than sixty days from the date

---

**2.** We do not imply that new hearings are required. DASCO may choose to make new determinations on the basis of the existing record

(absent any information or statements obtained from Lowell Siekmann).

of this order,[3] DASCO shall file a report with the Clerk setting forth new findings of fact and determination(s) made pursuant to 7 C.F.R. Part 780, together with any other information deemed relevant by DAS-CO. The filing shall conform to RCFC 60.1(b)(3).

The Clerk shall accomplish the action required by RCFC 60.1(a)(3) (service of order). Because a copy, rather than the original, of the administrative record was filed with the court, there is no occasion or requirement for the Clerk to comply with RCFC 60.1(a)(4) (transmittal of administrative record).

D. *Suspension of Court Proceedings.*

This case is hereby SUSPENDED until completion of proceedings on remand and subsequent report to the court.

---

**3.** A second remand period of 60 days was deemed adequate by government counsel even when it was assumed that an additional evidentiary hearing was necessary. Transcript 9/1/92 at 34–35. If more than 60 days is reasonably required, government counsel should seek an extension well ahead of the remand expiration date.